

# COMMITTEE ON COURT ADMINISTRATION AND CASE MANAGEMENT
## OF THE
## JUDICIAL CONFERENCE OF THE UNITED STATES

| | |
|---|---|
| **Gregory F. Van Tatenhove, Chair** | Robin S. Rosenbaum |
| Joseph F. Bianco | Brendan L. Shannon |
| Nora Barry Fischer | Leo Sorokin |
| John Z. Lee | Kathryn H. Vratil |
| Trevor N. McFadden | Brian C. Wimes |
| Susie Morgan | B. Lynn Winmill |
| Michael J. Roemer | Melissa Aubin, Clerk Representative |
| | David A. Levine, Staff |

March 15, 2024

MEMORANDUM

To:      Judges, United States District Courts
District Court Executives
Clerks, United States District Courts

From:    Judge Gregory Van Tatenhove
Chair, Committee on Court Administration and Case Management

RE:      GUIDANCE FOR CIVIL CASE ASSIGNMENT IN THE DISTRICT COURTS

      At its March 2024 session, the Judicial Conference, upon recommendation of the Committee on Court Administration and Case Management (CACM), approved the following policy regarding case assignment practices:

      District courts should apply district-wide assignment to:

      a. civil actions seeking to bar or mandate statewide enforcement of a state law, including a rule, regulation, policy, or order of the executive branch or a state agency, whether by declaratory judgment and/or any form of injunctive relief; and

      b. civil actions seeking to bar or mandate nationwide enforcement of a federal law, including a rule, regulation, policy, or order of the executive branch or a federal agency, whether by declaratory judgment and/or any form of injunctive relief.

      On behalf of the CACM Committee, I write to share the attached Guidance for Civil Case Assignment in District Courts. The guidance supports implementation of the above policy, which is applicable in instances when the remedy sought has implications beyond the parties before the court and the local community, and the importance of having a case heard by a judge with ties to

the local community is not a compelling factor. And it provides general guidance in civil case assignment practices.

The guidance is predicated on the Judicial Conference's longstanding policies supporting the random assignment of cases and ensuring that district judges remain generalists. The most crucial tool in achieving these policy goals is the case assignment practices or methods employed in dividing the business of the court. Case assignment practices or methods that do not reflect the longstanding Judicial Conference policy of random case assignment tend to undermine the independence of the branch and the trust of the public in the judiciary.

These policies and the accompanying guidance inform the district courts' statutory authority and discretion to divide the business of the court pursuant to 28 U.S.C. § 137. They should not be viewed as impairing a court's authority or discretion. Instead, they set out various ways for courts to align their case assignment practices with the longstanding Judicial Conference policy of random case assignment. Simply put, these policies should serve the purpose of securing a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

If you have any questions about the guidance or policy, please contact Erin Butler Conner, Administrative Office's Court Services Office, at 202-502-3217.

Attachment

cc:     Chief Judges, United States Courts of Appeals
        Circuit Executives

Attachment

GUIDANCE FOR CIVIL CASE ASSIGNMENT IN DISTRICT COURTS[1]

BACKGROUND

The Judicial Conference's longstanding policies supporting the random assignment of cases and ensuring that district judges remain generalists[2] deter both judge-shopping and the assignment of cases based on the perceived merits or abilities of a particular judge.

The tools used to accomplish random case assignment are a court's divisional and judicial case assignment methods employed pursuant to 28 U.S.C. § 137. Under 28 U.S.C. § 137(a), "[t]he business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court."[3] This statute provides individual courts wide latitude to establish case assignment systems, permitting flexibility in managing their caseloads efficiently and in a manner that best suits the various needs of the district and the communities they serve. The chief judge is "responsible for the observance of such rules and orders" and is charged with "divid[ing] the business and assign[ing] the cases so far as such rules and orders do not otherwise prescribe." The statute also provides that "[i]f the district judges in any district are unable to agree upon the adoption of rules or orders for that purpose the judicial council of the circuit shall make the necessary orders." Additionally, 28 U.S.C. § 332(d)(1) provides that "each [circuit] judicial council shall make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit."

At its March 2024 session, the Judicial Conference, upon recommendation of the Committee on Court Administration and Case Management (CACM), approved the following policy regarding case assignment practices:[4]

District courts should apply district-wide assignment to:

a. civil actions seeking to bar or mandate statewide enforcement of a state law, including a rule, regulation, policy, or order of the executive branch or a state agency, whether by declaratory judgment and/or any form of injunctive relief; and

b. civil actions seeking to bar or mandate nationwide enforcement of a federal law, including a rule, regulation, policy, or order of the executive branch or a federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

[1] Issued March 2024, by the Judicial Conference Committee on Court Administration and Case Management.

[2] *See* JCUS-SEP 1995, p. 46; JCUS-MAR 1999, p. 13; JCUS-MAR 2000, p. 13.

[3] The division of the business of the courts is not solely accomplished through rules and orders. There are a variety of practices and policies utilized to accomplish this objective.

[4] JCUS-MAR 2024, p. __.

GUIDANCE FOR CIVIL CASE ASSIGNMENT IN DISTRICT COURTS

The guidance set forth below applies to all civil cases, including patent cases.[5]  It does not apply to criminal cases as there are unique factors and considerations applicable to criminal cases that are not implicated in civil cases.  Bankruptcy cases were not specifically considered in drafting the guidance.  Case assignment in the bankruptcy context remains under study.

GUIDANCE

Courts are encouraged to conduct regular review of their civil case assignment practices, particularly courts with single-Article III judge divisions.

While recognizing the statutory authority and discretion that district courts have with respect to case assignment, and that the division of the business of the district court among the judges is accomplished through various case assignment practices, to assist with developing these practices and aligning them with Judicial Conference policy, the CACM Committee shares the following guidance:

1. Public confidence in the case assignment process requires transparency.  Therefore, consider incorporating case assignment practices into rules and orders as opposed to internal plans or policies.  To the extent a court currently maintains internal plans or policies, the court should make them accessible to the public on the court's website.

2. In crafting civil case assignment practices, consider various issues that generate concern, such as achieving randomness in assignments; ensuring the district judges remain generalists; balancing caseload among judges in the district; avoiding and addressing recusals, conflicts of interest, and appearances of impropriety; considering potentially disqualifying events impacting assignments, such as injury, illness, or incapacitation of a judge; managing related cases; and promoting the efficiency, convenience, and other benefits of parties' cases being heard by local judges.

3. Regardless of where a case is filed, avoid case assignment practices that result in the likelihood that a case will be assigned to a particular judge, absent a determination that proceeding in a particular geographic location is appropriate.

---

[5] The CACM Committee presented its "Report on the Patent Case Assignment Study in the District Courts" (Patent Report) to the Judicial Conference at its September 2023 session, and the Secretary of the Judicial Conference transmitted it to Congress on October 3, 2023.  The Patent Report concluded that the most effective tools in achieving the shared goal of both Congress and the Judicial Conference of promoting random case assignment are the divisional and judicial case assignment practices and policies employed in dividing the business of a district court as contemplated by 28 U.S.C. § 137, which allows each district court to divide the business of the court in a way that best serves the district.  The Patent Report also recognized that district courts utilize various practices and policies in dividing the business of the court to achieve randomness in the divisional and judicial assignment of cases, and specifically in single-Article III judge divisions.  Given the complexities associated with case assignment, the CACM Committee concluded that guidance on achieving random case assignment would benefit courts and that regular review of case assignment plans should be encouraged.

GUIDANCE FOR CIVIL CASE ASSIGNMENT IN DISTRICT COURTS

4. Employ case assignment practices that successfully avoid the likelihood that a case will be assigned to a particular judge, such as:

    (a) District-wide assignment of all cases;

    (b) District-wide assignment of certain cases based on Nature of Suit code, case categories, or case-type; or

    (c) Shared case assignments between the judge in a single-judge division with a judge or judges in another division or divisions.

5. Judicial Conference policy states that district courts should apply district-wide assignment in civil actions seeking to bar or mandate statewide or nationwide enforcement of a state or federal law, including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.[6]

    The policy is applicable in instances when the remedy sought has implications beyond the parties before the court and the local community, and the importance of having a case heard by a judge with ties to the local community is not a compelling factor.

    To facilitate assignment and avoid circumvention of a district-wide assignment policy, courts should consider entering a standing or general order, or promulgating a local rule addressing the following:

    (a) If such relief is sought when the case is opened, note on the JS-44 (Civil Cover Sheet) in section "VI. CAUSE OF ACTION" that the remedy sought has implications beyond the parties before the court or that the case seeks to bar or mandate statewide or nationwide enforcement of a state or federal law.

    (b) If such relief is sought after the case is opened, require the party seeking such relief to prominently display such information in the case caption upon filing the motion.

    (c) Include in the court's case assignment practices a provision addressing the filing of an amended complaint. For example, if an amended complaint or motion seeking such relief is filed within thirty (30) days of when the case is opened, or before significant steps have been taken in the action, the judge to whom the case is assigned should transfer the case back to the Clerk of Court for reassignment on the district-wide wheel.

---

[6] JCUS-MAR 2024, p. ___.

3

GUIDANCE FOR CIVIL CASE ASSIGNMENT IN DISTRICT COURTS

## CONTACT INFORMATION

Questions or comments concerning this guidance and assistance in its implementation may be directed to Policy Staff to the Committee on Court Administration and Case Management.