UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA,<br>By and through its Attorney General, Elizabeth B. Murrill; and<br><br>THE STATE OF MISSISSIPPI,<br>By and through its Attorney General, Lynn Fitch,<br><br>           PLAINTIFFS,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           DEFENDANT. | Civil Action No. 2:24-cv-629 |

**PLAINTIFFS' PARTIAL OPPOSITION TO MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINTS**

On July 2, the federal government moved to extend its answer deadlines in this case and the consolidated case, *United States Conference of Catholic Bishops v. EEOC*, No. 24-cv-691 (W.D. La.), to August 30 or, in the alternative, to July 29—the current answer deadline in *Bishops*. ECF No. 51. The next day, the Court requested a response by July 8. ECF No. 52. Plaintiffs Louisiana and Mississippi now file this partial opposition: Plaintiffs (a) consent to the federal government's alternative request to align the answer deadlines in the consolidated cases and set the deadline for July 29, and (b) oppose the federal government's request to further extend the deadlines to August 30. In addition, the Court's order should emphasize that the extension does not affect the federal government's responsibility to expeditiously produce the administrative record.

Plaintiffs agree with the federal government that it would be efficient to align the answer deadlines across the consolidated cases. The current two-week gap exists only because Plaintiffs in

1

this case filed their lawsuit before the plaintiffs in *Bishops*. As the Court's recent preliminary-injunction order illustrates, however, the issues and arguments in both cases largely overlap. Thus, the two cases should be on the same procedural path so that the parties and the Court may efficiently resolve the same and similar issues simultaneously. Accordingly, Plaintiffs consent to moving the federal government's answer deadline in this case back to July 29—the federal government's answer deadline in *Bishops*.

Plaintiffs also respectfully oppose the federal government's request that this Court further extend its deadline to August 30. The principal basis for the federal government's request is the "potential" that the government may appeal the preliminary-injunction order. ECF No. 51 at 2. The government hints (at 2) that it needs the full 60-day period to determine whether to appeal the preliminary-injunction order. That is demonstrably untrue. In similar pending litigation, Chief Judge Doughty entered an injunction on June 13 (four days before Judge Joseph's injunction in this case) and the federal government filed its notice of appeal 11 days later on June 24. *See* Notice of Appeal, *Louisiana v. U.S. Dep't of Educ.*, No. 24-cv-563 (W.D. La.), ECF No. 58. Any delay here, therefore, is due to the government's own foot-dragging, not a practical obstacle out of the government's control. The government also suggests (at 2) that the filing of an appeal would "obviate[]" the need for parallel proceedings in this Court during the pendency of the appeal. But the government cannot reasonably raise that prospect while at the same time intimating that no appeal is forthcoming. The government must pick a lane.

Finally, one note about practical burdens: The federal government does not need three and a half months to file an answer or a motion to dismiss. The government already has briefed and orally argued virtually all of the issues in these cases and parallel litigation in *Tennessee v. EEOC*, No. 24-cv-84 (E.D. Ark.). The government also has proven itself remarkably able to draft and file extensive briefing in short order—for example, a 25-page preliminary-injunction opposition six days after

2

Plaintiffs' motion, ECF No. 17. The government is a sophisticated party. It does not need three and a half months to file an answer or motion to dismiss on issues the government has already litigated.

For these reasons, the Court should align the answer deadlines in these consolidated cases and set that deadline as July 29, without prejudice to the parties' ability to revisit the schedule if and when the federal government files its notice of appeal of the preliminary-injunction order. And in all events, the Court's order should emphasize that the extension does not affect the federal government's responsibility to expeditiously produce the administrative record.

Dated: July 8, 2024                                          Respectfully submitted,

**ELIZABETH B. MURRILL**
**Attorney General of Louisiana**

 /s/ *J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga*
 *Solicitor General*
Tracy Short (La #23940)
 *Assistant Chief Deputy Attorney General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70802
(225) 326-6705
aguinagab@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

**LYNN FITCH**
**Attorney General of Mississippi**

 /s/ *Justin L. Matheny*
Justin L. Matheny*
 *Deputy Solicitor General*
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205
(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

* pro hac granted