UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, Elizabeth B. Murrill; and<br><br>THE STATE OF MISSISSIPPI, By and through its Attorney General, Lynn Fitch,<br><br>           Plaintiffs,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           Defendant. | Civil Action No. 2:24-cv-629 |

**PLAINTIFF STATES' OPPOSITION TO DEFENDANT'S RULE 59 MOTION TO ALTER OR AMEND JUDGMENT**

## INTRODUCTION

It is difficult to read EEOC's Rule 59(e) motion, ECF No. 55-1 (Mot.), as anything other than a play to restart EEOC's clock for appealing the Court's injunction, *see* Fed. R. App. P. 4(a)(4)(A)(iv). EEOC notably does not defend its abortion-accommodation mandate, which this Court found to likely exceed EEOC's statutory authority. *E.g.*, ECF No. 47 (Order) at 24. Instead, EEOC claims that the Supreme Court's recent decision in *Murthy v. Missouri*, 144 S. Ct. 1972 (2024)—a case about the federal government's covert pressure on social media companies to censor third-party speech—requires reconsideration. *Murthy* was nothing like this case, not least because (unlike *Murthy*) this is an Administrative Procedure Act (APA) case involving directly regulated parties. Louisiana would know—it litigated *Murthy*. Moreover, EEOC's use of words like "highlights" (at 1, 5, 9) and "confirms" (at 1, 8, 9) is a telltale sign that *Murthy* presents no intervening change in law. EEOC's motion is improper, and the Court should deny it out of hand.

## ARGUMENT

Rule 59(e) permits courts to "alter or amend a judgment" only "for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). The Fifth Circuit has emphasized time and again that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Because EEOC's motion is precisely such an improper attempt to rehash old legal theories, the Court should deny the motion.

I. *Murthy* Did Not Change the Article III Standing Analysis.

EEOC principally argues that, "[u]nder *Murthy*, Plaintiffs have not established Article III standing." Mot. at 4 (capitalization altered). As the number of EEOC's "quoting" parentheticals suggests, however, *Murthy* changed nothing.

EEOC does not seriously challenge the Court's finding that the Plaintiff States will suffer "compliance costs [that] are classic 'pocketbook injury' redressable through a pre-enforcement APA rule challenge." Order at 9. EEOC claims (Mot. at 6) those costs depend on non-parties' potential actions and would continue to exist due to hypothetical "suits from private parties or DOJ." But EEOC ignores this Court's express holding that, "*aside* from any employee or DOJ enforcement lawsuit under the PWFA, the States demonstrate that the unrecoverable costs of '[m]oving into compliance' with the abortion accommodation mandate of the Final Rule are cognizable and alone sufficient to constitute an injury-in-fact." Order at 9 (emphasis added). EEOC does not claim that *Murthy* changed anything that affects that determination, and EEOC identifies no new arguments that were not previously available to EEOC in this litigation.

In addition, EEOC's arguments do not call into question the Court's separate finding that "the *States* Plaintiffs clearly have Article III standing to challenge the Final Rule" because the abortion-accommodation mandate "undermines" Plaintiffs' enforcement of their own "public policy" regarding abortion. Order at 11–12. EEOC returns to its old argument (citing its old brief) that there is no conflict between the States' laws and the abortion-accommodation mandate and thus there is "no identifiable sovereign injur[y]." Mot. at 6. This rehash of EEOC's arguments fails for all the reasons the Court outlined. Among other things, the abortion-accommodation is indisputably contrary to the States' public policy—which is embedded in their constitutions and statutes—and indeed that is why neither State permits accommodations for purely elective abortions. *E.g.*, ECF No. 17 at 18. Forcing

2

the States to actually accommodate such abortions, therefore, plainly "damage[s] [] their sovereignty." Order at 12. And here, too, *Murthy* changed nothing.

EEOC also reprises (Mot. at 5) its argument that the injunction against EEOC does not forestall potential enforcement actions from private plaintiffs or the Department of Justice. EEOC made this argument before, ECF No. 21 at 11; Plaintiffs disposed of it, ECF No. 32 at 8, noting that EEOC's argument effectively admits that an EEOC injunction is at least partial relief. And in fact, the Court's injunction actually provides more effectual relief for Plaintiffs by enjoining EEOC "from: (i) initiating any investigation into claims that a covered employer has failed to accommodate an elective abortion that is not necessary to treat a medical condition related to pregnancy; and (ii) issuing any Notice of Right to Sue with respect to the same." Order at 32. That is the epitome of redressability.

EEOC likewise recycles (Mot. at 4–5) its claim that Plaintiffs' harm depends on "at least five steps by private non-parties," creating an attenuated causation chain. Here, too, EEOC made that argument before; in fact, it cites its own prior brief. *Id.* at 5. This Court rightly rejected that argument because the compliance-cost and sovereign harms do not, in fact, depend on EEOC's contrived sequence of events. Order at 9. Nothing has changed since then.

At bottom, EEOC's attempt to make *Murthy* relevant to this APA case is wrong, and EEOC identifies no change in law that warrants reconsideration.

## II. *Murthy* Did Not "Vitiate" the States' Speech Rights.

EEOC next focuses on one paragraph in the Court's Order, which recognized that, "although the First Amendment does not confer rights on States, the Supreme Court has made clear that the government (state or otherwise) has a right to speak on its own behalf." Order at 25 (cleaned up). Because the Court cited the Fifth Circuit's now-vacated decision in *Murthy* for that proposition, EEOC claims that "*Murthy* vitiates the basis for the State Plaintiffs' alleged right to speech." Mot. at 7

3

(capitalization altered); *see id.* at 8 ("there is no longer any precedent supporting the State Plaintiffs' novel free speech claim"). EEOC's claim is baseless.

The Fifth Circuit's decision in *Missouri v. Biden*, 83 F.4th 350 (5th Cir. 2023), did not break new ground by recognizing the States' speech rights. That principle comes from cases like the ones cited in *Missouri*. For example, it is inherent in government-speech cases like *Walker v. Texas Division, Sons of Confederate Veterans, Incorporated*, 576 U.S. 200 (2015)—a line of cases protecting the government's ability to choose its own speech, which assumes a government's free speech right. EEOC disagrees, but as its citation of its own prior briefing on this issue illustrates (Mot. at 7), this is old legal ground already covered in this case.

More fundamentally, by insisting that the States have no speech rights, EEOC now is taking a diametrically opposed position to the position taken by the U.S. Solicitor General in *Murthy*: "[A] government's entitlement to speak arises from the structure of our constitutional democracy …." U.S. Reply Br. at 7, *Murthy v. Missouri*, No. 23-411 (U.S.) (*Murthy* Reply Br.); *see id.* (challenging only whether that right also falls within the First Amendment). And in arguing that *Board of Regents v. Southworth*, 529 U.S. 217 (2000), "does not involve questions of government speech at all," Mot. at 8, EEOC again is taking a diametrically opposed position to the position taken by the U.S. Solicitor General in *Murthy*: "The government has the right to 'speak for itself,' *Board of Regents v. Southworth*, 529 U.S. 217, 229 (2000), whether its speech is abstract or specific." *Murthy* Reply Br. at 16.

Here, as the U.S. Solicitor General agreed in *Murthy*, the States unquestionably have a right to speak that, at the least, is inherent in our constitutional structure.

## II. The Scope of the Preliminary Injunction Remains Consistent with the APA and Fifth Circuit Precedent.

EEOC's final submission is that "*Murthy* confirms that relief should be narrowly tailored only to the named parties." Mot. at 8. As EEOC's use of the word "confirms" betrays, nothing has changed in the law since all the times EEOC previously made this argument. *See* ECF No. 21 at 25; ECF No.

4

45 at 2–6. And in fact, EEOC does not even try to claim otherwise. EEOC gestures (Mot. at 9) at the *parens patriae* doctrine in an attempt to make this a *parens patriae* case (it is not). But EEOC tried that play before, ECF No. 21 at 25, and the States easily disposed of it, ECF No. 32 at 10. Moreover, EEOC's *see Murthy* citation leads only to the Supreme Court's statement in *Haaland v. Brackeen*, 599 U.S. 255 (2023), that "States do not have standing as *parens patriae* to bring an action against the Federal Government," *Murthy*, 144 S. Ct. at 1997 (cleaned up)—the same statement EEOC invoked the last time it made this argument, ECF No. 21 at 25. This is not a proper use of Rule 59, and the Court should reject it as such.

Finally, it bears noting that, in complaining about the scope of relief, EEOC is silent on the Fifth Circuit's own binding APA precedent, which allows the Court to enter a nationwide stay of the abortion-accommodation mandate's effective date—broader relief than the relief this Court ordered. *See Career Colleges & Schs. of Tex. v. Dep't of Educ.*, 98 F.4th 220 (5th Cir. 2024) ("[W]e conclude that the scope of preliminary relief under Section 705 aligns with the scope of ultimate relief under Section 706, which is not party-restricted and allows a court to 'set aside' an unlawful agency action."); *see also Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 951 (5th Cir. 2024). Because the Court issued more narrowly tailored relief, EEOC's complaints are especially meritless.

## CONCLUSION

The Court should deny EEOC's motion.

| | |
|---|---|
| Dated: August 5, 2024 | Respectfully submitted,<br><br>**ELIZABETH B. MURRILL**<br>**Attorney General of Louisiana**<br><br> /s/ *J. Benjamin Aguiñaga* <br>J. Benjamin Aguiñaga*<br>  *Solicitor General*<br> /s/ *Tracy Short* <br>Tracy Short (La #23940)<br>  *Assistant Chief Deputy Attorney General*<br>OFFICE OF THE LOUISIANA ATTORNEY GENERAL<br>1885 North Third Street<br>Baton Rouge, LA 70802<br>(225) 326-6705<br>aguinagab@ag.louisiana.gov<br>shortt@ag.louisiana.gov<br><br>*Counsel for Plaintiff State of Louisiana*<br><br>**LYNN FITCH**<br>**Attorney General of Mississippi**<br><br> /s/ *Justin L. Matheny* <br>Justin L. Matheny*<br>  *Deputy Solicitor General*<br>MISSISSIPPI ATTORNEY GENERAL'S OFFICE<br>P.O. Box 220<br>Jackson, MS 39205<br>(601) 359-3680<br>justin.matheny@ago.ms.gov<br><br>*Counsel for Plaintiff State of Mississippi*<br><br>*Admitted pro hac vice* |