UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **THE STATE OF LOUISIANA, ET AL** | **CIVIL DOCKET NO. 2:24-cv-00629** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, ET AL** | **CIVIL DOCKET NO. 2:24-cv-00691** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

## RULING AND ORDER

Before the Court are two consolidated RULE 59 MOTIONS TO ALTER OR AMEND JUDGMENT: (i) Motion filed by defendant Equal Employment Opportunity Commission ("EEOC") in the matter entitled *State of Louisiana, et al, v. EEOC*, 2:24-cv-00629-DCJ-TPL (the "*States* lawsuit") [Doc. 55];[1] and (ii) Motion filed by EEOC and co-defendant Charlotte Burrows, Chair of the EEOC, in *USCCB, et al v. EEOC, et al*, 2:24-cv-00691-DCJ-TPL (the "*Bishops* lawsuit") [Doc. 62] (collectively, the

---

[1] The Plaintiff entities in the *States* lawsuit are the States of Louisiana and Mississippi. The sole defendant is the EEOC.

"Motions").[2] In the identical Motions, Defendants ask this Court to vacate its June 17, 2024, Preliminary Injunction Order (the "Injunction"), wherein the Court postponed the effective date of the Final Rule, which implements and interprets the Pregnant Workers Fairness Act ("PWFA" or "Act"), 42 U.S.C. § 2000gg, *et seq.*, and Title VII, 42 U.S.C. § 2000e, *et seq.*, and which requires that covered entities provide accommodation for the elective abortions of employees that are not necessary to treat a medical condition related to pregnancy. [*States*, Doc. 47; *Bishops*, Doc. 53].[3] EEOC argues that the Supreme Court's recent decision in *Murthy v. Missouri*, 144 S. Ct. 1972 (2024) is an intervening change in law that requires reconsideration of the Injunction. Plaintiffs in both cases oppose the Motions [*States*, Doc. 60; *Bishops*, Doc. 67], and Defendants filed Reply briefs [*States*, Doc. 61; *Bishops*, Doc. 68]. For the following reasons, Defendants' Motions are DENIED.

## LAW AND ANALYSIS

Rule 59(e) permits courts to "alter or amend a judgment" only "for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered

---

[2] The Plaintiff entities in the *Bishops* lawsuit are the United States Conference of Catholic Bishops ("USCCB"), Society of the Roman Catholic Church of the Diocese of Lake Charles ("Diocese of Lake Charles"), Society of the Roman Catholic Church of the Diocese of Lafayette ("Diocese of Lafayette"), and Catholic University of America ("Catholic University") (collectively, the "*Bishops* Plaintiffs"). The defendants in the *Bishops* lawsuit are EEOC and Charlotte Burrows, Chair of the EEOC, sued in her official capacity only.

[3] Specifically, the EEOC was preliminarily enjoined from: (i) initiating any investigation into claims that a covered employer has failed to accommodate an elective abortion that is not necessary to treat a medical condition related to pregnancy; and (ii) issuing any Notice of Right to Sue with respect to the same. [*States*, Doc., 47; *Bishops*, Doc. 53]. The injunction applies to: (i) the States of Louisiana and Mississippi and any agency thereof; (ii) any covered entity under the Final Rule with respect to all employees whose primary duty station is located in Louisiana or Mississippi; and (iii) the *Bishops* Plaintiffs. *Id.*

evidence." *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," and district courts have "considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Def. Distributed*, 947 F.3d at 873, *citing Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) and *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit has emphasized that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. A mere "second attempt to argue the same points" raised previously "is improper." *Anderson v. Martin*, 2020 WL 868025, at *2 (W.D. La. Feb. 20, 2020), *aff'd*, 852 F. App'x 858 (5th Cir. 2021).

In their Motions, EEOC argues that *Murthy* "highlights" that when a plaintiff's injury depends on actions of third parties not before the Court, standing cannot be established based on "guesswork" about how those third parties will behave.[4] The EEOC further contends that, under *Murthy*, private individuals are not bound by any relief entered by this Court, and thus, the Court's June 17, 2024, Injunction Order does not redress Plaintiffs' claimed injuries. Finally, EEOC argues that even if this

---

[4] Specifically, the *Murthy* Court explained:

> In keeping with th[e principle of redressability], we have 'been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment.' *Clapper*, 568 U.S. at 413, 133 S. Ct. 1138. Rather than guesswork, the plaintiffs must show that the third-party platforms 'will likely react in predictable ways' to the defendants' conduct.

144 S. Ct. at 1972, *citing Dep't of Commerce v. New York*, 588 U.S. 752, 768, 139 S. Ct. 2551, 204 L.Ed.2d 978 (2019).

Court believes its preliminary injunction remains proper, *Murthy* confirms that relief should be narrowly tailored only to the named parties.

In its Injunction, the Court found that the *States* Plaintiffs have standing because of increased regulatory burdens, increased compliance costs under penalty of enforcement actions, and damage to their sovereignty and free speech rights, while the *Bishops* Plaintiffs have standing because their deeply held religious beliefs will not permit them to comply with the abortion accommodation mandate and they are at risk of being prosecuted by the EEOC under the Final Rule. The Court also found that the EEOC has exceeded its statutory authority to implement the PWFA and, in doing so, both unlawfully expropriated the authority of Congress and encroached upon the sovereignty of the *States* Plaintiffs.

None of these findings warrant alteration in consideration of *Murthy*. EEOC argues the *Murthy* Court found non-cognizable alleged harms that are contingent on "the independent action[s] of some third party not before the court," *Murthy*, 144 S. Ct. at 1986, *quoting Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013), and contends that enforcement of the Final Rule is too speculative in the instant cases. But *Murthy* does not change the law in this respect, and the Court considered and rejected this same argument under the binding precedent of *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914 (5th Cir. 2023), specifically finding that forcing the *Bishops* Plaintiffs to address their religious exceptions on a case-by-case basis presents, at a minimum, a substantial likelihood of added regulatory burden and compliance costs. [*States*, Doc. 47, pp. 14-15; *Bishops*, Doc. 53, pp. 14-15].

Finally, the EEOC rehashes its argument that the *States* Plaintiffs "cannot manufacture standing" by claiming "unproven" costs associated with compliance under the Final Rule. The Court likewise specifically rejected this argument, finding that the Final Rule itself notes such costs arise independently from any accommodation expenses. 89 Fed. Reg. 29,177 ("Administrative costs, which include rule familiarization, posting new EEO posters, and updating EEO policies and handbooks, represent additional, one-time direct costs to covered entities.").[5]

Thus, after careful review of the Court's Injunction and the *Murthy* decision, the Court concludes that *Murthy* does not overrule or substantively alter any precedent or standing principle upon which this Court relied in issuing its Injunction. *Murthy* is therefore not a valid basis for this Court to alter or amend its June 17, 2024, Injunction Order.

Finally, considering that the Court applied its preliminary injunction only against the EEOC and only with respect to the party Plaintiffs and covered employers within the states of Louisiana and Mississippi, the Court maintains that scope of the relief awarded in the Injunction is appropriate at this stage of the litigation.

---

[5] Specifically, the Court noted that for Article III standing purposes, such compliance costs are classic "pocketbook injury" redressable through a pre-enforcement APA rule challenge. *See, e.g., Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021); *Wages & White Lion Investments, LLC v. United States Food and Drug Administration*, 16 F.4th 1130, 1142 (5th Cir. 2021) (holding that regulatory compliance costs are unrecoverable and therefore amount to irreparable harm "because federal agencies generally enjoy sovereign immunity for any monetary damages").

Considering the foregoing,

IT IS HEREBY ORDERED that the RULE 59 MOTION TO ALTER OR AMEND JUDGMENT filed in *State of Louisiana, et al, v. EEOC*, 2:24-cv-00629-DCJ-TPL [Doc. 55] is DENIED.

IT IS FURTHER ORDERED that the RULE 59 MOTION TO ALTER OR AMEND JUDGMENT filed in *USCCB, et al v. EEOC, et al*, 2:24-cv-00691-DCJ-TPL [Doc. 62] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 13th day of August 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE