**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| THE STATE OF LOUISIANA, et al., | No. 2:24-cv-629-DCJ-TPL |
| *Plaintiffs,* | Judge David C. Joseph |
| v. | Magistrate Judge Thomas P. LeBlanc |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| *Defendant.* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS, et al., | No. 2:24-cv-691-DCJ-TPL |
| *Plaintiffs,* | Judge David C. Joseph |
| v. | Magistrate Judge Thomas P. LeBlanc |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., | |
| *Defendants.* | |

**PLAINTIFFS' JOINT NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs in the above consolidated cases respectfully submit for the Court's consideration The Eighth Circuit's decision in *Tennessee v. EEOC*, No. 24-2249 (8th Cir.) (attached as Ex. A), issued yesterday, February 20, 2025. Like this case, *Tennessee* involves a challenge to EEOC's abortion-accommodation mandate contained in a Final Rule implementing the Pregnant Workers Fairness Act. Unlike the Court in this case, however, the district court in *Tennessee* "dismissed the action for lack of jurisdiction" because, in that court's view, "the States failed to allege an injury in fact that could establish standing to challenge the Rule." Ex. A at 4. Yesterday, the Eighth Circuit

reversed the *Tennessee* district court's judgment, "conclud[ing] that the States have Article III standing to sue." *Id.* at 7.

Specifically, the Eighth Circuit emphasized that States, as employers, "are the object of the EEOC's regulatory action" and are thus "injured by the imposition of new regulatory obligations." *Id.* at 6. The Eighth Circuit highlighted that "[t]he imposition of a regulatory burden itself causes injury," crediting the States' allegations that "the Rule compels them to provide accommodations to employees that the States otherwise would not provide, to change their employment practices and policies, and to refrain from pro-life messaging that arguably would be 'coercive' and thus proscribed by the Rule." *Id.* In fact, because of the imposition of a regulatory burden itself, the Eighth Circuit "deemed it unnecessary to consider whether [the abortion-accommodation mandate] caused any specific economic harms to the States or whether the States faced a credible threat of enforcement if they refused to comply." *Id.*

The Eighth Circuit also rejected EEOC's contrary arguments, including those presented in this case. In particular, the Eighth Circuit rejected EEOC's position that (a) "the Rule does not compel the States to act and does not produce an injury until an employee requests an abortion-related accommodation" and (b) any updating of employment policies or training of staff on the new mandate's requirements "are voluntary measures." *Id.* at 6–7. That position, the Eighth Circuit said, "is inconsistent with the realities facing these regulated parties." *Id.* at 6. The mandate is the law, "and we presume that the States will follow the law"—but "[a]n employer cannot meet its obligations under the Rule without taking these steps to ensure that its employees know their rights and obligations under the Rule." *Id.* at 7. So, "as a practical matter, the Rule requires immediate action by the States to conform to the Rule, and this action produces an injury in fact." *Id.* Finally, the Eighth Circuit also rejected EEOC's claim that any injuries are "speculative": "[T]he States in this case are direct objects of the EEOC's rule, and the Rule injures the States by requiring them to act contrary to their established policies." *Id.*

2

Respectfully submitted,

 /s/ J. Benjamin Aguiñaga
J. Benjamin Aguiñaga*
 *Solicitor General*
Tracy Short (La #23940)
 *Assistant Chief Deputy Attorney General*
Office of the Louisiana Attorney General
1885 North Third Street
Baton Rouge, LA 70802
(225) 326-6705
aguinagab@ag.louisiana.gov
shortt@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

 /s/ Justin L. Matheny
Justin L. Matheny*
 *Deputy Solicitor General*
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

* pro hac granted


/s/ Daniel H. Blomberg
Daniel H. Blomberg
  (W.D. La. Temporary Bar No. 918117)
 *Trial Attorney*
/s/ Michael J. O'Brien
Michael J. O'Brien
  (LA Bar No. 38852)
Laura Wolk Slavis
  (W.D. La. Temporary Bar No. 918118)
Andrea R. Butler
  (W.D. La. Temporary Bar No. 918119)
Jordan T. Varberg
  (W.D. La. Temporary Bar No. 918120)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

3

Phone: (202) 955-0095
Fax: (202) 955-0090
dblomberg@becketlaw.org

Jonathan Berry
  (W.D. La. Temporary Bar No. 918121)
James R. Conde
  (W.D. La. Temporary Bar No. 918116)
Boyden Gray PLLC
801 17th St. NW, Suite 350
Washington, DC 20006
Phone: (202) 955-0620
Fax: (202) 955-0621
jberry@boydengray.com

*Counsel for Bishops Plaintiffs*

Dated: February 21, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025, the foregoing was served on counsel for all parties via the Court's CM/ECF system.

_/s/ J. Benjamin Aguiñaga_

Dated: February 21, 2025